UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
            v.                    )
                                  )    Criminal No. 04-10336-NMG
JULIO SANTIAGO et al.             )
            Defendants            )

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and William F. Bloomer, Assistant U.S. Attorney, submits its Sentencing Memorandum with respect to Jose Torrado, a defendant in the above-captioned matter.

## INTRODUCTION

The Statement of Offense Conduct is set forth in detail in the Probation Department's Pre-Sentence Report ("PSR"). The government will not repeat the extensive allegations here. As the Court is aware, the defendant, Jose Torrado ("TORRADO"), is charged with conspiracy to distribute or possess with intent to distribute 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. (Count I of the Superseding Indictment). Torrado is scheduled to plead guilty to Count I of the indictment on June 2, 2006.

**GOVERNMENT'S POSITION**

### A.   Weight of Heroin Attributable to Torrado

While the conspiracy as a whole is responsible for distributing 1,000 grams or more of heroin, the United States Attorney's Office and Probation agree that the quantity of heroin reasonably attributable to the defendant is between 100 and 400 grams.  See § 1B1.3(a)(1)(A) U.S.S.G. (defendant accountable for all acts and omissions committed or willfully caused by defendant); see also 1B1.3(a)(1)(B) U.S.S.G. (defendant accountable for all acts and omissions of others that were in furtherance of the jointly undertaken criminal activity and were reasonably foreseeable in connection with that criminal activity).

The government attributes the following specific amounts to Torrado with corresponding references to paragraphs in the PSR describing the factual basis for these attributions.

| Date | Quantity | Paragraphs in PSR |
|------|----------|-------------------|
| 8/26/04 | 10 grams | 64-70 |
| 8/27/04 | 10 grams | 71 |
| 9/2/04 | 50 grams | 73 |
| 9/30/04 | 50 grams | 74 |
| **TOTAL**: | | **120 grams** |

In addition, as described in detail in paragraphs 59 through 62 of the PSR, two cooperating witnesses, Jason Nocera and

2

Michael McNally, both testified before the grand jury that they purchased one to four grams of heroin from the defendant on a regular basis from September 2003 through October 2004.  As Probation correctly notes in paragraphs 103 - 105 of the PSR, a conservative reading of the information provided by Nocera and McNally has Torrado delivering *at least* 80 grams to the cooperating witnesses over this 12-month span, with a more realistic reading being much higher (as Probation notes in ¶ 105, four grams per week over this time frame would set the amount attributable to Torrado at an estimated 192 grams).

Moreover, Nocera stated that TORRADO generally charged him approximately $130 per gram of heroin, and he estimated that he had paid TORRADO between $50,000 and $75,000 for heroin.  This estimate would bring the total amount that Nocera purchased from TORRADO over a four to five month period to approximately 385 grams.  Nevertheless,  because Nocera admitted to abusing heroin for some time, and because Nocera also admitted to undergoing treatment for substance abuse and to continuing his use of heroin even during the time frame that he testified before the grand jury, the government has taken a more conservative approach to estimating the weight attributable to Torrado.  See United States v. Sklar, 920 F.2d 107 (1990). Consequently, the government would attribute between 100 and 400 grams of heroin to Torrado.

**B.  Criminal History Calculation**

Based upon the information presently in its possession, the government submits that Torrado is a Criminal History Category III.  Under U.S.S.G. §4A1.1(c), one point is added to the computation of a defendant's criminal history, "for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item."[1]  "The term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense," U.S.S.G. § 4A1.2(a)(1), even where "the imposition or execution of sentence was totally suspended or stayed."  U.S.S.G. § 4A1.2(a)(3).

In North Carolina v. Alford, 400 U.S. 25, 35-37 (1970), the United States Supreme Court held that an individual accused of a crime may knowingly and voluntarily consent to the imposition of a prison sentence even if he steadfastly maintains his innocence, provided a sufficient factual basis for guilt is established.

In essence, the Supreme Court found a so-called Alford plea to be the functional equivalent of a nolo contendere plea.  Id. at 35, 37 ("The fact that [Alford's] plea was denominated a plea of guilty rather than a plea of nolo contendere is of no

---

[1]Subsection (a) deals with points scored for prior sentences of imprisonment exceeding 13 months, and subsection (b) deals with points scored for prior sentences of imprisonment of at least 60 days, neither of which pertains to the defendant's criminal history.

constitutional significance . . . Nor can we perceive any
material difference between a plea that refuses to admit
commission of the criminal act and a plea containing a
protestation of innocence when, as in the instant case, a
defendant intelligently concludes that his interests require
entry of a guilty plea and the record before the judge contains
strong evidence of actual guilt.").

Although there is a dearth of authority directly addressing
the issue, at least one Federal Court of Appeals has held that a
finding imposed as a result of a so-called Alford plea qualifies
as a "prior sentence" for purposes of determining a defendant's
criminal history category under U.S.S.G. § 4A1.1.  See United
States v. Mackins, 218 F.3d 263, 268 (3rd Cir. 2000).  After an
analysis of the collateral effect of Alford and its progeny, the
Court in Mackins concluded that "an Alford plea is, without
doubt, an adjudication of guilt and is no different than any
other guilty plea for purposes of § 4A1.1."  Id. at 268.

The Mackins Court stated, "we accord Mackin's Alford plea
the same finality we accord any other 'adjudication of guilt,
whether by guilty plea, trial, or plea of nolo contendere'
(citation omitted) . . .  Because an Alford plea is an
adjudication of guilt under § 4A1.2(a)(1), any sentence imposed
pursuant to an Alford plea is a 'prior sentence' for purposes of
§ 4A1.1."  Id. at 269.

5

Consistent with the approach adopted in MacKins, a District Court Judge in the Eastern District of New York has concluded that a conviction pursuant to an Alford plea in state court qualified as a "prior conviction" for purposes of a subsequent federal felon-in-possession of a weapon charge. Burrell v. United States, 2002 WL 31051594 (E.D.N.Y. 2002). While noting that Connecticut state law neither defined "conviction" for purposes of federal firearm statutes nor addressed the collateral consequences on subsequent criminal actions of convictions following Alford or nolo contendere pleas, the Court in Burrell nevertheless determined that judgments following Alford or nolo contendere pleas have the same consequences as other court judgments after paying deference to the majority of courts' treatment of these pleas. Id. at 5. The Court therefore concluded that the defendant's prior felony state conviction for weapons possession pursuant to an Alford plea qualified as a prior conviction for purposes of 18 U.S.C. § 922(g)(1).

Here, Torrado was charged with disturbing the peace and resisting arrest in October 2003. On December 5, 2003, he tendered an Alford plea, while represented by counsel, which was "given and taken (Walker, J.)." The records reflect that a full colloquy was given and required warnings were administered under Mass. Gen. Laws c. 278, § 29D. He was placed on pretrial probation for a term of 6 months until June 2004. As discussed

above, because an Alford plea is an adjudication of guilt under §
4A1.2(a)(1) and is essentially the functional equivalent of a
nolo contendere plea, any finding made pursuant to his Alford
plea is a 'prior sentence' for purposes of § 4A1.1.
Consequently, the PSR properly attributes 1 criminal history
point to Torrado for this offense.[2]

That Torrado was placed on pretrial probation is immaterial.
Section 4A1.2(f) of the U.S.S.G. specifically provides, "A
diversionary disposition resulting from a finding or admission of
guilt, or a plea of nolo contendere, in a judicial proceeding is
counted as a sentence under §4A1.1(c), even if a conviction is
not formally entered . . ."  Several courts, including the First
Circuit, have held that a "deferred adjudication" – that is,
where a finding of guilty is expressly withheld – may still be
counted as a prior sentence under § 4A1.2(f).  See United States
v. Cadavid, 192 F.3d 230, 235, 237 (1st Cir. 1999)(agreeing with
district court's determination that a prior battery conviction
marked "adjudication withheld" could properly be included as a
diversionary disposition in sentencing calculation under
4A1.2(f)); see also United States v. Baheri, 999 F.2d 80 (4th
Cir. 1993)(prior sentences of probation without entry of judgment

---

[2]The PSR also properly credits the defendant with 1 criminal
history point for a continuance without a finding in 2004 out of
Lowell District Court for resisting arrest and assault and
battery on a police officer.  See  United States v. Fraser, 388
F.3d 371 (1st Cir. 2004).

were diversionary sentences and were properly counted in
determining defendant's criminal history under 4A1.1(c) and
4A1.2(f)); <u>United States v. Rockman</u>, 993 F.2d 811 (11th Cir.
1993)(where adjudication of guilt is withheld after nolo
contendere plea, prior offense does not constitute "prior
sentence" under 4A1.2(a)(1); however, prior offense does
constitute "diversionary disposition" for purposes of computing
criminal history category under 4A1.1(c) and 4A1.2(f)); <u>United
States v. Frank</u>, 932 F.2d 700 (8th Cir. 1991)(defendant's
diversionary disposition on state marijuana charge properly used
in calculating defendant's criminal history even though no formal
adjudication had been entered); <u>United States v. Giraldo-Lara</u>,
919 F. 19 (5th Cir. 1990)("deferred adjudication probation"
properly counted as "prior sentence" for purposes of calculating
defendant's criminal history category).

        This approach of counting "deferred adjudications" is
consistent with the policy set forth in § 4A1.2(f), comment n. 9,
which states, "This [counting of the prior offense] reflects a
policy that defendants who receive the benefit of a
rehabilitative sentence and continue to commit crimes should not
be treated with further leniency."     <u>See e.g.</u>, <u>United States v.
Fraser</u>, 388 F.3d 371 (1st Cir. 2004) (state court's continuance
without a finding could be used to calculate a defendant's base
level offense and criminal history category and supported

addition of criminal history points on ground that federal offense was committed while defendant was under a criminal justice sentence). Because the defendant was placed on probation after an <u>Alford</u> plea was "given and taken," it should properly be counted in determining Torrado's criminal history calculation.

Moreover, because the defendant committed the instant offense while on pretrial probation for the previous state offense, the PSR properly awards him 2 additional criminal history points pursuant to U.S.S.G. § 4A1.1(d). When added to the 1 point earned for the 2004 resisting arrest and ABPO and the 1 point earned for resisting arrest and disturbing the peace in 2003, Torrado's total criminal history score is 4 points, which places him squarely in Criminal History Category III.

   C. **Sentence**

The government recommends a term of 60 months imprisonment with 4 years supervised release and a $100 special assessment. The government makes no recommendation on the imposition of a fine, but leaves that to the Court's discretion in determining the defendant's ability to repay.

The government submits that the defendant is responsible for at least 100 grams of heroin, and therefore under 21 U.S.C. § 841(b)(1)(B)(I) Torrado faces a mandatory minimum of not less than five-years, nor more than 40 years in prison. Pursuant to § 5G1.1(c) of the U.S.S.G., the minimum guideline sentence is set

by statute in this case at 60 months.  Consequently, because the defendant is a Criminal History Category III offender with a Total Offense Level of 23, the applicable guideline range in this case is 60 to 71 months.  Given the defendant's prompt acceptance of responsibility, the government recommends a sentence within the lower range of the sentencing guideline calculation.

RESPECTFULLY SUBMITTED

MICHAEL J. SULLIVAN
United States Attorney

By:    /s/ William F. Bloomer
       WILLIAM BLOOMER
       Assistant U.S. Attorney
       BBO#553104
       william.bloomer@usdoj.gov
       (617) 748-3644

## CERTIFICATE OF SERVICE

I, William F. Bloomer, hereby certify that this document filed through the ECF system on May 30, 2006, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/William F. Bloomer
WILLIAM F. BLOOMER

Date: 30 May 2006