UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. : 04-10336

UNITED STATES OF AMERICA

v.

JOSE TORRADO

**DEFENDANT JOSE TORRADO'S SENTENCING MEMORANDUM**

### Introduction

The defendant, JOSE TORRADO, by his attorney submits this sentencing memorandum . The undersigned attorney apologizes for the delay in this filing.   She is moving her office, and, as a result, did not receive the revised pre-sentence report until May 30, 2006 and did not have access to a computer until May 31, 2006.

There are two disputed issues at sentencing.  The first issue is the amount of cocaine reasonably foreseeable to the defendant, as a member of the conspiracy.  The government must prove the drug quantity by a preponderance of the evidence. United States v. Yeje Cabrera , 430 F. 3d 1 (1st Cir. 2005).   The defendant asserts that the government has not proven a quantity of more than one hundred grams of cocaine, and therefore,  there is no mandatory minimum sentence of incarceration.

The second issue is whether an Alford plea that resulted in pre-trial probation counts as a diversionary disposition pursuant to U.S.S.G. § 4A1.1.          .

**A.  The evidence does not show that Torrado is responsible for more than one hundred grams of Cocaine.**

The government asserts that Torrado is responsible for more than one hundred grams of

cocaine, without the inclusion of testimony of Nocera and McNally . As detailed in his objections, the alleged testimony of these two drug addicts is contradicted by their own testimony as well as other indices of unreliability.   Evidence used in sentencing must have a "sufficient indicia of reliability" United States v. Wright , 873 F.2d 437 ( 1st Cir. 1989). A sentence which is based on materially inaccurate information violates the defendant's constitutional rights. Roberts v. United States, 445 U.S. 552 (1980), United States v. Tucker, 404 U.S. 443 (1972).   If the Court decides to use this testimony as the basis of its calculation of drug weight, the defendant requests an evidentiary hearing.  United States v. Jimenez Martinez , 83 F. 3d 488 (1996).

   The government has offered an independent basis for their calculation of the drug amount, without the use of the two drug addicts testimony which will be addressed here.  The government bears the burden of proof by a preponderance of the evidence.  United States v. Yeje Cabrera, 430 F. 3d 1 (1st Cir. 2005).

   Torrado asserts that the government has not met its burden of proof when it asserts that he distributed ten grams on August 27th, 2004. ( Paragraph 71).  The government's description of telephone conversations between the two parties assumes that the conversations were about a new delivery of ten grams.  The government's own description of the facts suggest this ambiguity "appeared to be speaking about a narcotics transaction."  There is no surveillance of a meeting, drugs obtained or any subsequent conversations between the two men that would indicate that there was actually a transaction or that the conversation was exclusively about the day before, when the government had intercepted ten grams.  As the government admits, most of the conversations centered on the perception that Torrado was being surveilled.  Given this level of anxiety, Santiago would have made a follow up call to Torrado after a transaction, had there been

2

a transaction.

The government asserts that the telephone conversations on September 2, 2004 and September 30, 2004 ( paragraphs 73 and 74) were each for fifty grams of heroin. The government bases this theory on its interpretation of the words that Torrado had "five guys who wanted to play". Nothing in the record supports this interpretation. Torrado's statement could have meant that he had five customers who wanted less than ten grams each. While the agents surveilled Torrado to Miranda's home, a known co-worker with Santiago, nothing in the record shows that Torrado in fact received any drugs on this occasion.

On September 30th, Torrado paged Santiago and added the numbers "50". In their subsequent conversation, Torrado asked Santiago if he was still alive. Assuming *arguendo* that Torrado asked for fifty grams on September 2nd, his question to Santiago may reflect that both September 2 and September 30th were requests for the same drugs.

**B. An Alford Plea Combined with Pre-Trial Probation, in which the Court has made no finding of facts, does not count in the criminal history.**

In Massachusetts, an Alford plea that results in pre-trial probation should not count as a diversionary disposition, such as a "continuance without a finding" because the defendant has not admitted guilt nor sufficient facts, the Court has not determined whether a jury verdict of guilty would be upheld on a sufficiency of evidence standard . Unlike a "continuance without a finding", a judge may not enter a guilty finding . In Torrado's case, the Court has made it explicit that it did not make a determination of sufficient facts.

Massachusetts General Laws, ch. 276 § 87 provides that

"The superior court, any district court and any juvenile court may place on

3

probation in the care of its probation officer any person before it charged with an offense or a crime for such time and upon such conditions as it deems proper, with the defendant's consent, before trial and before a plea of guilty..."

The Massachusetts Supreme Judicial Court distinguishes between a determination of pre-trial probation and a "guilty plea, *no lo contendere* or an admission to sufficient facts." Commonwealth v. Rodriguez, 441 Mass. 1002 (2004) . The Court interpreting its own statutes notes that pretrial probation is not " the functional equivalent of a guilty plea" because adjucation has been withheld and a violation of the probationary terms may return the case to the trial docket of the court, but cannot permit the entry of a guilty finding. Id. at 1041. A Judge may, but is not required to provide a complete colloquy . Ibid.

U.S.S.G. § 4A1.2 (a)(1) requires an adjudication of guilt , even when the disposition is withheld. U.S.S.G. § 4A1.2(f) does not count "A diversion from the judicial process without a finding of guilt (e.g. deferred prosecution) ." In North Carolina v. Alford , 400 U.S. 25, 35 (1970), the Supreme Court permitted a state court judge to make a guilty finding on the record, and impose a period of incarceration on Alford, even while he asserted his innocence. It noted that it did not matter how the plea was described ( such as *no lo contendere)*, as long as the plea involved waiver of the right to a trial, finality and a finding of facts to justify the entry of a guilty disposition. Id . at 35. In the same way, the fact that the state Court described the resolution as an " Alford plea" cannot alter the plain fact that the Court explicitly made no determination of the factual basis and did not make a final judgement. The finality and the adjudication of guilt are the key factors that the First Circuit has used to justify the inclusion of a Massachusetts disposition of "continued without a finding" . United States v. Nicholas 133 F.3d 133 (1998). Mr. Torrado's case is distinguishable from United States v. Mackins, 218 F.3d 263 (3rd Cir. 2000), on which the government relies, because there, a guilty finding entered .

### III. Sentence Recommendation

If the Court determines that Mr. Torrado was responsible for one hundred or more grams of cocaine , he is subject to a mandatory minimum sentence of sixty months.  Accordingly, the defendant would ask the Court to impose the minimum.   If the Court determines that Mr. Torrado is responsible for less than one hundred grams, he asks the Court to sentence him to time serve coupled with supervised release or a sentence which may be served in a half way house.

As noted in the presentence report, this case and his month of incarceration have been valuable lessons for him.  As he expressed to the probation officer, he suddenly realized that he could be separated from his kids for a long time.

Mr. Torrado has been an excellent father, as noted by the observations of the probation officer and the comments of the mothers of his children.  His employer noted that he was an excellent worker.  In fact, when he was recently laid off, his boss wrote a letter of recommendation on his behalf, explaining that the cause of the layoff was the economic slowdown and he would recommend Torrado to any other employer.  Mr. Torrado immediately sought and obtained other employment.  As noted, he supports his children.

Mr. Torrado does not have a significant criminal history and, as noted by the probation officer, in both cases he was placed on unsupervised probation which he completed successfully. For one year and seven months Mr. Torrado has been one hundred percent compliant with all the terms of the electronic monitoring.

18 U.S.C. § 3553 (a) requires the Court to impose a sentence that is "sufficient but not greater than necessary" .  For the reasons stated here, a sentence of time served will satisfy the factors delineated in the statute.

Respectfully Submitted,

JOSE TORRADO
By his attorney,


  /s/ Lenore Glaser                              Dated: June 1, 2006


Lenore Glaser, Esq.
25 Kingston Street, 6th Floor
Boston, MA 02111
(617) 753-9988
BBO # 194220

**Certificate of Service**

        I hereby certify that this document filed through the ECF system will be sent electronically to the
registered participants as identified on the Notice of Electronic Filing (NEF) on June 1, 2006.

                                              /s/ Lenore Glaser
                                              Lenore Glaser, Esq.